UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

JABARI EMANUEL

               Plaintiff,

     -against-

THE CITY OF NEW YORK, ANTHONY BARBEE, WINSTON FAISON, EDWARD FOGLIA, JOHN DOE 1-3, the names being fictitious and presently unknown, employees of the City of New York Department of Police,

               Defendants.

------------------------------------------------------------x

FIRST AMENDED COMPLAINT

12 CV 5143 (ILG)(JO)

**Jury Trial Demanded**

      JABARI EMANUEL, by his attorney, the Law Office of Fred Lichtmacher, PC, alleges the following upon information and belief as his First Amended Complaint.

Nature of the Action

      1.     This civil rights action arises from the October 19, 2011 abusive use of force on and unlawful arrest of Jabari Emanuel by New York City Police Officers.  Plaintiff seeks, under 42 U.S.C. §1983, compensatory and punitive damages for violation of his civil rights.

Jurisdiction and Venue

      2.     This action arises under the United States Constitution and 42 U.S.C. §1983.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1343(3).  Plaintiff asserts jurisdiction over the City of New York under 28 U.S.C. §1367.  Plaintiff requests that this Court

exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as do plaintiff's federal claims.

3.   Under 28 U.S.C. §1391(b) and ©, venue is proper in the Eastern District of New York because defendant City of New York resides in that judicial District.

Parties

4.   Plaintiff JABARI EMANUEL is a citizen of the United States of America residing in the State and City of New York, County of Kings. Plaintiff was born in October 1994 and, at the time of the incidents complained of herein, was sixteen years of age.

5.   Defendant ANTHONY BARBEE was at all times relevant a duly appointed and acting employee of the New York City Police Department holding the rank of Detective and assigned to the 88th Police Precinct. Defendant BARBEE is liable for directly participating in the events complained of and in failing to intervene to prevent, end or truthfully report the misconduct to which Mr. Emanuel was subjected.

6.   Defendant WINSTON FAISON was at all times relevant a duly appointed and acting employee of the New York City Police Department holding the rank of Lieutenant and assigned to the 88th Police Precinct. Defendant FAISON, at the time of the events complained of, had direct supervisory responsibility over the other individual defendants and is liable for directly participating in the events complained of.

7.   Defendant EDWARD FOGLIA was at all times relevant a duly appointed and acting employee of the New York City Police Department holding the rank of Detective and assigned to the Patrol Borough Brooklyn North Specialized Unit. Defendant FOGLIA is liable

for directly participating in the events complained of and in failing to intervene to prevent, end or truthfully report the misconduct to which Mr. Emanuel was subjected.

8.  Defendants JOHN DOE 1-2, whose actual names are currently unknown, are Caucasian males. Defendants Doe 1-3 were at all times relevant duly appointed and acting Police Officers employed by the New York City Police Department and assigned, upon information and belief, to the 88th Police Precinct in Brooklyn, New York. Defendants Doe 1-2 were among the group of officers who arrested Jabari Emanuel. Defendants Doe 1-2 are liable either for directly participating in the events underlying this suit and for not intervening to prevent or end the misconduct to which plaintiff was subjected.

9.  Defendant JOHN DOE 3, whose actual name is currently unknown, is a Caucasian male. Defendant Doe 3 was at all times relevant a duly appointed and acting employee of the New York City Police Department and assigned, upon information and belief, to the 88th Police Precinct in Brooklyn, New York. Defendant Doe 3 is believed to be a Detective who conducted Jabari Emanuel's interrogation at the Precinct Stationhouse. Defendant Doe 3 is liable for directly participating in the events underlying this suit.

10.  Defendants BARBEE, FAISON FOGLIA, and DOE 1-3 (the "individual defendants") were at all times relevant acting under color of state law.

11.  The individual defendants were at all times relevant agents, servants and employees acting within the scope of their employment by defendant City of New York.

Notice of Claim

12. On about November 21, 2011 and within 90 days of the events giving rise to the instant case, the plaintiff filed a Notice of Claim upon defendant City of New York by delivering copies thereof to the person designated by law as a person to whom such claims may be served.

13. The Notice of Claim was in writing, sworn to by the plaintiff, and contained the name and post office address of the plaintiff.

14. The Notice of Claim set out the nature of the claim, the time when, the place where, and manner by which the claim arose, and the damages and injuries claimed to have been sustained.

15. On July 24, 2012, the City of New York took testimony, pursuant to G.M.L. §50-h, of plaintiff.

16. The City of New York has neglected and failed to adjust the claims within the statutory time period.

17. This action was commenced within one year and ninety days after the happening of the event upon which the claims are based.

Facts Underlying
Plaintiff's Claims for Relief

18. On October 19, 2011 at approximately 12:00 p.m., Jabari Emanuel was walking with an acquaintance that he had bumped into while walking towards home when Police employed by the City of New York, including the individual defendants, accosted him.  Plaintiff was arrested on St. Felix Street between Gates Avenue and Greene Avenue in Brooklyn, New York.

19. Police personnel, upon information and belief, Edward Foglia, falsely identified Jabari Emanuel as having committed a crime.

20. Without probable cause to believe that Jabari Emanuel was involved in any crime, police personnel, including individual defendants, arrested and handcuffed the plaintiff and transported him to the 88th Precinct Stationhouse. Staff at the 88th Precinct refused to allow Mr. Emanuel to contact his parents. Mr. Emanuel was thereafter held and interrogated at the 88th Precinct by defendant Barbee and/or defendant Doe 3.

21. During the arrest of Jabari Emanuel, individual defendants, without lawful reason or purpose, punched Mr. Emanuel in his ribs, roughly and tightly handcuffed him and pushed or threw, not placed, him into a police van. The handcuffs left marks and his hands remained numb and tingly for about twenty-four hours afterwards.

22. Defendant Barbee and/or defendant Doe 3 interrogated Jabari Emanuel. During the interrogation, without lawful reason or purpose, this defendant appeared to grow angry with Mr. Emanuel and grabbed plaintiff's chin hard and squeezed it while demanding that plaintiff "stop playing games."

23. Plaintiff was released from the 88th Precinct without charges after about four or five hours. Defendant Barbee or Doe 3 took at least one photograph of Mr. Emanuel with the defendant's cell phone.

24. The individual defendants despite having a reasonable opportunity to do so, took no action to prevent or end the unlawful use of force and arrest of Jabari Emanuel.

25.     As a result of the foregoing, Jabari Emanuel was physically abused and injured and suffered mental anguish, shock, fright, trauma and deprivation of his constitutional rights, among other injuries.  He suffered loss of freedom.

26.     At all times relevant, and in arresting and using force on Jabari Emanuel, the individual defendants acted intentionally, willfully, maliciously, and with reckless disregard for and deliberate indifference to plaintiff's rights and physical well-being.

## FIRST CLAIM FOR RELIEF FOR
## VIOLATING PLAINTIFF'S RIGHT TO BE FREE FROM
## UNREASONABLE SEARCHES AND SEIZURES UNDER THE FOURTH AND
## FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

27.     Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

28.     By the actions described above, Jabari Emanuel was deprived of rights secured by the Constitution and laws of the United States, including, but not limited to, his right to be free from unreasonable force, his right to be free and secure in his person, and his right to be free from arrest or search, except on probable cause or pursuant to a warrant.

29.     As a consequence thereof, Jabari Emanuel has been injured.

## SECOND CLAIM FOR RELIEF FOR FALSE IMPRISONMENT

30.     Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

31. By reason of the foregoing, Jabari Emanuel was intentionally confined without privilege or probable cause to believe a crime had been committed. Plaintiff was aware of and did not consent to the confinement. Plaintiff was thereby falsely arrested and imprisoned.

32. As a consequence thereof, Jabari Emanuel has been injured.

### THIRD CLAIM FOR RELIEF FOR ASSAULT

33. Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

34. By the actions described above, Jabari Emanuel was intentionally placed in apprehension of imminent harmful and offensive contact.

35. As a consequence thereof Jabari Emanuel has been injured.

### FOURTH CLAIM FOR RELIEF FOR BATTERY

36. Plaintiff repeats the allegations of paragraphs 1-24 as though fully stated herein.

37. By the actions described above, Jabari Emanuel was intentionally touched in a harmful and offensive manner.

38. As a consequence thereof Jabari Emanuel has been injured.

### FIFTH CLAIM FOR RELIEF FOR FAILURE TO INTERVENE
### TO PREVENT THE VIOLATION OF PLAINTIFF'S CIVIL RIGHTS

39. Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated herein.

40. Defendants failed to intervene to prevent, end, or truthfully report the unlawful conduct to which Mr. Emanuel was subjected, despite having a reasonable opportunity to do so.

41. As a consequence thereof, Jabari Emanuel has been injured.

Request for Relief

WHEREFORE, plaintiffs respectfully request that judgment be entered that Jabari Emanuel rights under the United States Constitution were violated, together with;

(A) Compensatory damages in an amount to be fixed at trial;

(B) By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages from the individual defendants in an amount to be fixed at trial;

(C) An award to plaintiff of the costs and disbursements herein;

(D) An award of attorney's fees under 42 U.S.C. §1988; and

(E) Such other and further relief as this Court may deem just and proper.

Dated: July 11, 2013
New York, New York

The Law Office of Fred Lichtmacher, PC
Attorney for Plaintiff
350 Fifth Avenue, Suite 7116
New York, New York 10118
(212) 922-9066

By: Matthew Flamm